WEBSTER v. DISHAROON.

(District Court, D. Maryland. May 26, 1894.)

COLLISION—VESSEL NAVIGATED BY OWNER PRO HAC VICE—OWNER'S LIABILITY IN PERSONAM.

Master running vessel on shares, paying all wages and expenses, and having sole control of navigation, is owner pro hac vice, and for collision resulting from negligence of himself or crew the owner is not liable in personam. Thorp v. Hammond, 12 Wall. 416, applied.

This was a libel in personam for collision, filed by John P. Webster against A. C. Calvin Disharoon.

Thomas S. Hodson, for plaintiff.
Beverly W. Mister, for defendant.

MORRIS, District Judge. This is a libel in personam, brought by the owner of the schooner Ida Virginia against the owner of the schooner Margie J. Franklin to recover the value of the schooner Ida Virginia, which became a total loss because, during a storm, the schooner Margie J. Franklin dragged her anchor, and drifted down on her, and injured her so that she had to slip her cable, and went ashore. The allegation in the libel is that the Margie J. Franklin was not provided with sufficient anchors and cable to hold her in a storm, and that sufficient anchors were not put out on her, and sufficient cable was not paid out, and the collision was occasioned by a want of care and skill on the part of her crew. Prior to the filing of this libel in personam, the same libelant filed a libel in rem for the same cause of action against the Margie J. Franklin. The owner did not claim her, and did not stipulate, and she was sold pendente lite, but brought only $45, which was not sufficient to pay the costs. She was bought in for the benefit of her owner, the respondent in the present case. The answer, among other defenses, alleges that the schooner was not under the management of the owner at the time of the collision, but was being run on shares by her master, George W. Webster, who was to receive two-thirds of her earnings, out of which he was to provide and pay the crew and all her running expenses, and had sole control of her navigation; and that, said Webster being the owner pro hac vice, the respondent, as owner, cannot be held responsible in personam for the damages resulting from this collision.

It is clear that the master of the Margie J. Franklin must be regarded as her owner pro hac vice. He sailed her on shares, and had sole control of her use and navigation, employed and paid her crew, and provided them food. I know of no case which has disturbed the authority of Thorp v. Hammond, 12 Wall. 416, in which it was held that for damages resulting from a collision the owner pro hac vice is liable, and the general owner is not. The vessel is liable in rem, but the general owner is not liable in personam. It is urged in this case that the general owner was bound to make his vessel seaworthy, and properly equip her, and that the drifting in this case occurred because the Margie J. Franklin was not equipped with sufficient anchors and cables. I do not find that the drifting resulted from the insufficiency of the cables or anchors. The storm arose on Sunday night, after midnight, and the collision occurred after daylight Monday morning. The master had gone ashore on Saturday, to his home, leaving the schooner in charge of her crew of oyster dredgers. He left her held by her larger anchor and 15 fathoms of chain. When, from the force of the storm on Sunday night, the Margie J. Franklin began dragging, her crew did not let out more chain, although there was 30 fathoms to the larger anchor, and did not get out the smaller anchor, which had about 25 fathoms of chain, until after the collision. The master testifies that the owner had told him that only 15 fathoms of the chain to the larger anchor was in good order, and not to pay out more. This is denied by the owner, but, even if it were true, there is no reason why the smaller anchor should not have been put out, and there is no proof that the two would not have held her; and it is only a supposition that, if all the chain to the larger anchor had been paid out, it would have broken. If the chain had broken, that would have been proof that it was in bad order, or, if the master had been on board, and had refrained from paying out the chain because it was in bad order, it might be contended that the vessel had been allowed to drag because of the insufficiency of the chain. But nothing of that sort appears. The crew on board did nothing. They neither put out the smaller anchor in time, nor did they pay out more chain on the larger anchor. It is not proven that the two anchors would not have been sufficient if they had been used. There was ample time to have gotten out the second anchor, as the vessel was dragging from about 3 o'clock until after daylight. The master, as owner pro hac vice, was liable for this neglect, and not the general owner, and the libelant's remedy against the general owner was exhausted when he libeled the vessel in rem.